UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **BEN THOMPSON** | **CIVIL ACTION NO.** _____ |
| **VERSUS** | **JUDGE** _____ |
| **THE GEO GROUP, INC.** | **MAGISTRATE JUDGE** _____ |

## COMPLAINT FOR DAMAGES

The Complaint of **BEN THOMPSON** (hereinafter "Plaintiff"), an inmate previously confined in Allen Correctional Center in Allen Parish, Louisiana, and currently confined in Elayn Hunt Correctional Center in Iberville Parish, Louisiana, appearing herein by and through undersigned counsel respectfully represents the following:

### INTRODUCTION

1. This is a civil action for damages against **THE GEO GROUP, INC.** (hereinafter sometimes "Defendant") as operator of Allen Correctional Center, located in Allen Parish, Louisiana, arising from physical injury caused by the ruin and disrepair of the building confining the Plaintiff, the subsequent denial of reasonable medical treatment therefor, the conditions of Plaintiff's confinement. Plaintiff's injuries and damages result from Defendant's breach of its duties under Louisiana state law, and violations of his rights protected by the U.S. Constitution and the Louisiana Constitution of 1974, the details of which are set forth herein below.

### JURISDICTION

2. The jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. § 1332. Complete diversity exists between the parties. Plaintiff is a citizen of Louisiana. Defendant is a corporation deemed to be a citizen of every State by which it has been incorporated and of the

State where it has its principal place of business. Defendant GEO GROUP, INC. (hereinafter sometimes "GEO") is a non-Louisiana corporation, licensed to do business in Louisiana, incorporated under the laws of Florida with its principal place of business established in Florida. The amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of costs and interest

3.  Additionally, this civil action is authorized by 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. This Honorable Court also has jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. § 2201 and § 2202. Plaintiff's claim for injunctive relief is authorized by 28 U.S.C. § 2283 and Rule 65 of the Federal Rules of Civil Procedure. Plaintiff further invokes the supplemental jurisdiction of this Court to consider claims arising under state law pursuant to 28 U.S.C. § 1367.

4.  The events giving rise to the claims asserted in this complaint occurred within the Western District of Louisiana, United States of America. Thus, venue is proper in this Court pursuant to 28 U.S.C. section 1391 (b)(2).

**PARTIES**

6.  Plaintiff, **BEN THOMPSON**, a competent adult, is and was at all times relevant herein a prisoner of the State of Louisiana. He was, on February 13, 2015, and thereafter until being transferred, confined in Allen Correctional Center, in Kinder, Allen Parish, Louisiana, when he suffered a grave injury to his cervical spine, which injury occurred when a portion of the ceiling of Allen Correctional Center ("Allen") fell and struck Plaintiff's neck. After having timely filed and exhausted all administrative remedy procedures available with no relief granted, Plaintiff was transferred to Elayn Hunt Correctional Center ("Hunt") in St. Gabriel, Iberville Parish, Louisiana,

where he is currently in the custody of Louisiana State Department of Corrections, and on the second step of the administrative remedy procedure at Hunt, in an effort to get access to necessary medical care and treatment of the cervical injury suffered at Allen.

7. The Defendant, **THE GEO GROUP, INC.**, a private corporation formed under the laws of the State of Florida, with its principal place of business established in Florida, is the operator of Allen Correctional Center, which, acting through its authorized agents, breached its duty to reasonably maintain or repair the buildings of Allen and thus is liable for Plaintiff's damages under Louisiana state law as well as federal law.

## FACTS

8. Allen Correctional Center is and was at all times relevant herein operated by the Defendant, GEO.

9. Since at least April 2012, when Plaintiff first became incarcerated at Allen, the ceiling tiles at Allen have been falling with some measure of regularity.

10. Prior to February 13, 2015, a number of Defendant's employees and/or agents, as well as inmates in the custody of the Defendant, have complained to Defendant about the ceiling tiles in Allen falling, with some even suggesting possible methods of repair.

11. On February 13, 2015, Plaintiff was acting as a peer-facilitator in a substance-abuse class, teaching approximately 26 other inmates in the auxiliary kitchen of Allen Correctional Center.

12. While Plaintiff was in a seated position with his head titled forward, a ceiling tile fell from a twelve foot ceiling striking Plaintiff on the middle of his neck on the posterior side.

13. Upon impact, Plaintiff experienced immediate pain as well as a shocking sensation that radiated from the point of impact.

14. When the pain failed to subside after twenty minutes, Plaintiff requested medical attention and was administered Ibuprofen.

15. On February 15, 2015, Plaintiff began to experience more intense symptoms of injury, including sensations of tingling, burning and shocking, which radiated throughout Plaintiff's head and shoulders and down into his arms and hands. The symptoms were intermittent at first and occurred with varying degrees of intensity. Plaintiff requested medical care and was again treated with Ibuprofen.

16. After requesting additional medical care and treatment beyond the administration of Ibuprofen, Plaintiff filed a complaint on March 8, 2015, to initiate the administrative remedy procedure required for Plaintiff to get access to medical diagnosis and treatment of his injuries.

17. While Plaintiff's complaint was being processed, on or about March 11, 2015, the Defendant, GEO, allowed Plaintiff to be transported to Angola where a CT scan of both Plaintiff's brain and cervical spine were obtained.

18. The radiologist report generated in connection with the CT scans suggested injury to Plaintiff's cervical spine at the area of impact of the ceiling tile.

19. On or about March 20, 2015, a doctor at Allen reviewed the radiological findings with Plaintiff and indicated that Plaintiff needed to be examined by a neuro or orthopaedic surgeon for appropriate diagnosis and treatment and that he would recommend that Defendant arrange for such an examination of Plaintiff's injury. Nonetheless, Defendant allowed no such examination of Plaintiff's injury.

20. Plaintiff's administrative remedy procedure complaint initiated on March 8, 2015, was eventually denied. Plaintiff appealed and went to the second step of the administrative remedy

procedure as outlined in Louisiana Administrative Code 22:325I. Plaintiff was again denied at the second step.

21. Thereafter, in the fall of 2016, the Plaintiff was transferred to Elayn Hunt Correctional Center ("Hunt"), located in St. Gabriel, Iberville Parish, Louisiana, and operated by the Louisiana Department of Corrections.

22. Plaintiff has initiated the administrative remedy procedure available at Hunt. His request for appropriate medical care and treatment at Hunt has been denied once. Plaintiff has appealed and thus began the second step of the administrative remedy procedure at Hunt but has not received a response as of the date of filing the instant suit.

23. Plaintiff continues to experience symptoms associated with the injury to his neck and has yet to be afforded proper medical examination and diagnostic testing reasonable under the premises to diagnose or prescribe treatment for the injury to his cervical spine.

24. Plaintiff's condition has continued to deteriorate and thus requires immediate, specialized medical attention.

## EXHAUSTION OF LEGAL REMEDIES

25. Pursuant to Louisiana Administrative Code 22:325I, Plaintiff timely submitted to the administrative remedy procedures available at Allen, by initial complaint setting forth the facts herein filed on March 8, 2015. Plaintiff's request for medical treatment was denied. Plaintiff timely appealed and proceeded to the second step of the administrative remedy procedure, where his request was again denied. Plaintiff exhausted all administrative remedy procedures available to him under Louisiana Administrative Code 22:325I, was denied relief in the second step response, and is therefore entitled to court access.

26. Plaintiff has not previously filed suit in any state or federal court related to the instant claim nor has Plaintiff filed any prior suit in state or federal court related to the conditions of incarceration or treatment during incarceration.

## DAMAGES

27. As a result of Defendant's negligence in failing to properly maintain and repair the Allen buildings, and its deliberate indifference in denying Plaintiff reasonable medical care under the premises, Plaintiff suffered, and continues to suffer, physical injury to his cervical spine, with attendant pain and suffering, as well as mental and emotional anguish.

28. As a result of Defendant's deliberate indifference to Plaintiff's physical injury and Defendant's denial of reasonable medical care and treatment of his injury, the extent of Plaintiff's injury has not been assessed and Plaintiff has suffered and continues to suffer physical pain as well as mental and emotional anguish.

29. Due to the deliberate indifference of Defendant in denying Plaintiff medical treatment and care, Plaintiff has suffered and will continue to suffer irreparable harm until Plaintiff receives the proper medical care and treatment for his neck injury.

## CLAIMS

30. Plaintiff re-alleges and incorporates by reference paragraphs 1-29.

31. Defendant GEO had actual and/or constructive knowledge of the deterioration of the Allen ceiling, and failed to take reasonable steps to repair its buildings. Defendant's negligence in maintaining its buildings caused Plaintiff to sustain physical injury and resulting pain, suffering, and mental and emotional distress as a result of being struck by that portion of the Allen ceiling that fell directly onto Plaintiff's neck.

32. Defendant's failure to take reasonable steps to repair and/or maintain the Allen buildings such that Plaintiff was severely injured by Allen's falling ceiling subjected Plaintiff to

cruel and unusual punishment in violation of the Plaintiff's rights under the Eighth Amendment to the U.S. Constitution.

33. Defendant's failure to take reasonable steps to repair and/or maintain the Allen buildings such that Plaintiff was severely injured by Allen's falling ceiling subjected Plaintiff to cruel, excessive, and unusual punishment in violation of the Plaintiff's rights under Article I, Section 20, of the Louisiana State Constitution of 1974.

34. Despite Plaintiff's compliance with all administrative remedy procedures, the Defendant's deliberate indifference and denial of any access by Plaintiff to adequate medical care and treatment for the injury caused by the ruin of the Allen building is in violation of the Plaintiff's rights under the Eighth Amendment to the U.S. Constitution.

35. Despite Plaintiff's compliance with all administrative remedy procedures, Defendant GEO denied Plaintiff access to adequate medical care and treatment for the injury caused by the ruin of the Allen building is in violation of the Plaintiff's right to humane treatment under Article I, Section 20, of the Louisiana State Constitution of 1974.

36. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the denial of reasonable medical care and treatment for his cervical injury unless this Court grants the declaratory and injunctive relief which Plaintiff seeks.

### PRAYER

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment:

a) Granting Plaintiff a declaration that the acts and omissions described herein violate his rights under the Constitution and laws of the United States;

b) Granting Plaintiff a declaration that the acts and omissions described herein violate his rights under the Louisiana State Constitution of 1974 and laws of the State of Louisiana;

c) Granting Plaintiff a declaration that the Constitution and laws of the United States require that Plaintiff be afforded access to reasonable medical care and treatment for his injury;

d) Granting Plaintiff a declaration that the Louisiana State Constitution of 1974 and laws of the State of Louisiana require that Plaintiff be afforded access to medical care and treatment of his injury;

e) Granting Plaintiff injunctive relief compelling Defendant to ensure and secure Plaintiff's access to appropriate medical care and treatment of the injury sustained by Plaintiff;

f) Granting Plaintiff compensatory general and special damages in accordance with proof;

g) Granting Plaintiff punitive damages and attorney's fees where authorized by law;

h) Granting Plaintiff recovery of all costs of suit incurred herein; and

i) For all general and equitable relief that may be due under the premises.

RESPECTFULLY SUBMITTED:

**GABE A. DUHON LLC**

By: /s/ *James S. Broussard*
JAMES S. BROUSSARD, LSBA ROLL NO. 34899
GABE A. DUHON, LSBA ROLL NO. 30482
WYMAN E. BANKSTON, LSBA ROLL NO. 30384
105 Tivoli Street
Post Office Box 478
Abbeville, Louisiana 70511-0478
Telephone:   (337) 893-3423
Facsimile:    (337) 893-3510
Email:          jsbroussard@vermilionlawyers.com
*Counsel for Plaintiff,*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 12th of February, 2016, I electronically filed the foregoing Complaint for Damages with the Clerk of Court using the CM/ECF system, and that I further certify that on this same day counsel for the parties of record were provided a copy of the foregoing by electronic means.

/s/ *James S. Broussard*
**JAMES S. BROUSSARD**